United States District Court
Southern District of Texas
**ENTERED**
April 06, 2017
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SHELIA BRISCOE, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 4:16-CV-2811 |
| | § | |
| CH MORTGAGE COMPANY I, LTD., *et al*, | § | |
| | § | |
| Defendants. | § | |

## ORDER AND OPINION

Pending before the Court is Plaintiff's Motion to Remand. (Document No. 9). Defendants Ocwen Loan Servicing, LLC ("Ocwen") and U.S. Bank National Association, as Trustee for the Structured Asset Investment Loan Trust, Mortgage Pass-Through Certificates, Series 2004-8 ("U.S. Bank") (together "Removal Defendants") filed a Response (Document No. 10) and Plaintiff filed a Reply. (Document No. 11). Having considered these filings, the facts in the record, and the applicable law, the Court concludes that the Notice of Removal in this case is deficient. Removal Defendants will have 30 days to amend the Notice of Removal. At that time the Court will consider Plaintiff's Motion to Remand (Document No. 9).

**Background**

On August 26, 2016, Plaintiff filed her Original Petition and Application for Ex-Parte Temporary Restraining Order and Temporary Injunction (the "Petition") in the 240th Judicial District Court of Fort Bend County, Texas, in an action styled *Shelia Briscoe v. CH Mortgage Company I, Ltd.; Ocwen Loan Servicing, LLC; U.S. Bank National Association, as Trustee for the Structured Asset Investment Loan Trust, Mortgage PassThrough Certificates, Series 2004-8; Structured Asset Securities Corporation; American Home Mortgage Servicing Inc.; and Sand Canyon Corporation f/k/a Option One Mortgage Corp.*, Case No. 16-DCV-234976 (the "State

Court Action"). (Document No. 1-3). The Defendants include the following: (1) CH Mortgage Company I, Ltd. ("CH Mortgage"); (2) U.S. Bank; (3) Structured Asset Securities Corporation ("SASC"); (4) Ocwen; (5) American Home Mortgage Servicing Inc. ("AHMSI"); and (6) Sand Canyon Corporation f/k/a Option One Mortgage Corp. ("Sand Canyon"). *Id*. at 7-9.

On September 19, 2016 Removal Defendants filed a Notice of Removal, removing the case to federal court on the basis of diversity jurisdiction. (Document No. 1). Removal Defendants contend that the consent of CH Mortgage, SASC, AHMSI and Sand Canyon are not required for removal, because they have not been properly served, nor have they appeared. *Id*. at 2. It is undisputed that Plaintiff is a citizen of Texas. (Document No. 1-3 at 7). It is also undisputed that Ocwen is a citizen of the U.S. Virgin Islands, SASC is a citizen of Delaware and New York, and Sand Canyon is a citizen of California. (Document No. 1 at 4-5). Removal Defendants argue that U.S. Bank should be considered a citizen of Ohio (the location of its main office). *Id*. U.S. Bank is the trustee for the Structured Asset Investment Loan Trust, Mortgage Pass-Through Certificates, Series 2004-8, and Removal Defendants argue that the "citizenship of a trust, for diversity jurisdiction purposes, is determined by the citizenship of its trustee." *Id*. (citing *Wells Fargo Bank, N.A. v. Am. Gen. Life Ins. Co.*, 670 F. Supp. 2d 555, 561 (N.D. Tex. 2009); *Navarro Savings Assoc. v. Lee*, 446 U.S. 458, 461 (1980); *Bass v. Int'l Brotherhood of Boilermakers*, 630 F.2d 1058, 1067 n.17 (5th Cir. 1980)). Furthermore, Removal Defendants argue that the citizenship of CH Mortgage and AHMSI can be disregarded for diversity purposes, because they have been fraudulently joined. *Id*. at 5. Specifically Removal Defendants argue that Plaintiff has not alleged a reasonable basis of recovery against CH Mortgage or AHMSI. *Id*. at 7.

In response to the Notice of Removal, Plaintiff filed the instant Motion to Remand,

arguing that this Court does not have diversity jurisdiction. (Document No. 9). Plaintiff states that Removal Defendants have not proved the citizenship of CH Mortgage and AHMSI, and that "the 2004-8 Trust must prove the citizenships of all of its members/beneficiaries are diverse from Plaintiff in order to be entitled to removal to federal court in light of the United States Supreme Court's clarification of the law regarding diversity jurisdiction and artificial business trusts." *Id*. at 3-4.

**Standard of Review**

A defendant may remove a case from state court if the plaintiff could have originally initiated the suit in federal court. *Merrell Dow Pharm., Inc. v. Thompson*, 478 U.S. 804, 808 (1986) (citing 28 U.S.C. § 1441). The removing party bears the burden of showing subject matter jurisdiction exists and removal was proper. *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). Determination of such jurisdiction is made according to the state court complaint at the time of removal, construing all ambiguities in favor of remand. *Id.*

In this case, Removal Defendants claim diversity jurisdiction, which applies where "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between [] citizens of different States." 28 U.S.C.A. § 1332. Diversity jurisdiction requires complete diversity: "all persons on one side of the controversy [must] be citizens of different states than all persons on the other side." *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1079 (5th Cir. 2008) (citation omitted). An *improperly* joined party, however, is disregarded in determining the court's subject matter jurisdiction, and therefore cannot destroy complete diversity. *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 572 (5th Cir. 2004) (en banc). "A defendant is improperly joined if the moving party establishes that (1) the plaintiff has stated a claim against a diverse defendant that he fraudulently alleges is nondiverse, or (2) the plaintiff

has not stated a claim against a defendant that he properly alleges is nondiverse." *Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.*, 818 F.3d 193, 199 (5th Cir. 2016) (citing *Smallwood*, 385 F.3d at 573).

**Discussion**

*CH Mortgage and AHMSI*

Plaintiff argues that the "question of improper joinder does not apply to these Defendants. Removal Defendants have not met the threshold issue in an improper joinder defense, *non-diverse defendants*." (Document No. 9 at 12). This is because Removal Defendants state in the Notice of Removal that the citizenship of CH Mortgage and AHMSI should be disregarded for diversity purposes, but do not specifically state that either defendant is a non-diverse citizen of Texas. (Document No. 1 at 5). Plaintiff insists that, due to this failure, the case should be remanded, because Removal Defendants have not met their burden of showing that they belong in federal court. (Document No. 11 at 7-8).

In response, Removal Defendants argue that this failure is not cause for remand: "[t]he fact that Defendants made an improper joinder argument in their Notice of Removal indicates that CH Mortgage and AHMSI are non-diverse defendants whose citizenship the Court need not consider. Ultimately, as explained above and in the Notice of Removal, the citizenship of CH Mortgage and AHMSI are irrelevant to the Court's diversity calculus, as Plaintiff fails to allege a colorable claim against them." (Document No. 10 at 18). Removal Defendants also state that: "CH Mortgage Company, Ltd. is an assumed name of DHI Mortgage Company, Ltd., which is a Texas limited partnership. AHMSI is now known as Homeward Residential, Inc., which is a Delaware corporation with its principal place of business in Texas." *Id*. at 18 n.7. Furthermore, Removal Defendants argue in the alternative that "non-substantive, but defective jurisdictional

allegations, like those alleged by the Plaintiff, are appropriately addressed through amended filings, rather than remand," and ask the Court for leave to file an amended Notice of Removal to "more clearly allege the citizenship of CH Mortgage and AHMSI." *Id.* at 18.

Plaintiff is correct that Removal Defendants need to demonstrate that CH Mortgage and AHMSI are non-diverse parties in order to maintain a claim of improper joinder: "To establish a claim for improper joinder, the party seeking removal must demonstrate either '(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the *non-diverse party* in state court.'" *McDonal v. Abbott Labs.*, 408 F.3d 177, 183 (5th Cir. 2005) (quoting *Travis v. Irby*, 326 F.3d 644, 647 (5th Cir. 2003)) (emphasis added); *see also Smallwood*, 385 F.3d at 574 ("A claim of improper joinder by definition is directed toward the joinder of the in-state party."); *Rivera v. Ditech Financial*, LLC, No. EP-16-CV-149-KC, at *8 (W.D. Tex. Aug. 10, 2016) ("[I]mproper joinder inquiry presupposes the existence of a 'non-diverse party' or an 'in-state defendant.'"); *Tipton v. Landen*, No. 6:15-CV-02811, 2016 WL 919539, at *5 (W.D. La. Mar. 8, 2016) ("[T]he improper joinder doctrine is not applicable to a diverse defendant."); *Alford v. Chevron U.S.A. Inc.*, No. CIV.A. 13-5457, 2014 WL 37600, at *5 (E.D. La. Jan. 6, 2014) (Improper joinder "doctrine is implicated when a plaintiff improperly joins an in-state party in an effort to defeat diversity jurisdiction."). Removal Defendants failed to include any statements regarding the citizenship of AHMSI and CH Mortgage in their Notice of Removal. (Document No. 1). Without this information the Court "cannot determine if improper joinder is the appropriate inquiry in this case." *Rivera*, No. EP-16-CV-149-KC at *9. Similarly, the lack of information regarding the citizenship of AHMSI and CH Mortgage prevents the Court from determining if it has diversity jurisdiction in this case. *See Howery v. Allstate Ins. Co.*, 243 F.3d 912, 919 (5th Cir. 2001) (The party arguing that diversity jurisdiction

exists must "affirmatively allege the citizenship of the parties." Where that party fails to meet its burden, a Court "cannot presume the existence of federal jurisdiction.") (citations omitted).

Removal Defendants do not fully remedy this issue in their Response. Removal Defendants state that "AHMSI is now known as Homeward Residential, Inc., which is a Delaware corporation with its principal place of business in Texas." (Document No. 10 at 18 n.7). "[A] corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). Therefore Removal Defendants properly allege that AHMSI is a citizen of Texas. However, Removal Defendants' statement that CH Mortgage is a Texas limited partnership does not contain sufficient information to ascertain its citizenship, because "[t]he citizenship of a limited partnership is based upon the citizenship of each of its partners." *Harvey*, 542 F.3d at 1079. Removal Defendants do not include any information about the citizenship of the CH Mortgage partners; therefore the Court has no way of knowing the citizenship of the partnership. As explained above, this failure to show that CH Mortgage is a non-diverse party prevents the Court from engaging in an improper joinder inquiry. The lack of information regarding the citizenship of CH Mortgage also prevents the Court from determining whether diversity jurisdiction exists.

However, the Court agrees with Removal Defendants that they should be allowed to amend the Notice of Removal. *See Moreno Energy, Inc. v. Marathon Oil Co.*, 884 F. Supp. 2d 577, 586–87 (S.D. Tex. 2012) ("A number of appellate courts in cases based on diversity between domestic citizens under 28 U.S.C. § 1332(a)(1) agree that where a notice of removal fails to identify the citizenship of the members or partners of an unincorporated association, leave to amend should be granted under 28 U.S.C. § 1653.") (citing cases). Therefore the Court

will give Removal Defendants 30 days to amend their Notice of Removal to properly include citizenship information for both AHMSI and CH Mortgage. If Removal Defendants do so, the Court will consider arguments regarding improper joinder at that time, as well as the parties' arguments discussing the citizenship of U.S. Bank. Failure to do so will necessitate remand of this case.

**Conclusion**

The Court cannot rule on Plaintiff's Motion to Remand (Document No. 9) at this time, due to deficiencies in the Notice of Removal. Therefore the Court hereby

ORDERS that Removal Defendants have 30 days from the date of this Order to amend their Notice of Removal.

SIGNED at Houston, Texas, this 5th day of April, 2017.

MELINDA HARMON
UNITED STATES DISTRICT JUDGE